UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JON CARLOS LONELL BOOKER                                               Plaintiff

v.                                                                                              Civil Action No. 3:24-cv-316-RGJ

RUSSELL QUICK and COLLEGE COURT                    Defendants
CONDO ASSOCIATION

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

This matter is before the Court to conduct the screening required by 28 U.S.C. § 1915. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) ("Even if a non prisoner pays the filing fee and/or is represented by counsel, the complaint must be screened under § 1915(e)(2)."), abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007). The Court also has an independent obligation to confirm that it possesses subject matter jurisdiction over the claims presented in a complaint. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Court may raise the issue on its own and may do so at any time. *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). For the reasons below, this action will be dismissed, and all pending motions will be denied as moot.

**I.     BACKGROUND**

This action arises from Plaintiff Jon Carlos Lonell Booker's ("Booker") claims for breach of contract, fraud, and extortion. [DE 1 at 3]. Although Booker filed this case using a 42 U.S.C. § 1983 form complaint, he lists "breach of contract, fraud, and extortion" under his statement of claims. [*Id*.]. Booker asserts these claims against Russell Quick ("Quick") and College Court Condo association ("College Court") (collectively "Defendants"). He contends that "College

[Court] Condo's private owners agreed to a contract with COLLEGE COURT CONDO ASSOCIATION within that agreement COLLEGE COURT CONDO ASSOCIATION agreed to maintain and improve the private owners [sic] condos in college [court] [sic], but have yet to do so, it has only been declining." [*Id*.]. The crux of Booker's claims are that Defendants have removed contracted services while still raising monthly fees. [*Id*. at 3-4].

## II. STANDARD

Many pro se litigants seek to file their complaints in forma pauperis, or without payment of a filing fee. In such cases, Congress has authorized Courts to conduct an initial evaluation of the complaint prior to authorizing service on any defendant. *See* 28 U.S.C. § 1915(e). Because Booker paid the full filing fee, his complaint is not subject to statutory sua sponte screening under § 1915(e). Nevertheless, this Court retains the authority to dismiss frivolous lawsuits under *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). While pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action sua sponte if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

Moreover, Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Federal district courts are courts of limited jurisdiction, and Article III of the Constitution enumerates the court's powers. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well stablished that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution

and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.,* 150 F.3d 604, 606 (6th Cir. 1998), overruled on other grounds by *Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's jurisdiction. *Kokkonen,* 511 U.S. at 377.

### III.  ANALYSIS

Booker filed this suit using a form complaint designated for § 1983 cases. To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). Booker alleges that the Defendants fails to upkeep condos, which he claims amounts to breach of contract, fraud, and extortion. However, even taking Booker's allegations as true, Booker cannot maintain a § 1983 actions against Defendants, as Quick is a private person and College Court is a private business. *See Brite Fin. Servs., LLC v. Bobby's Towing Serv.*, LLC, 461 F. Supp. 3d 549, 563 (E.D. Mich. 2020) (citing *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982)) ("A private business does not act under color of state law, and thus is not a 'state actor,' unless its conduct is 'fairly attributable to the state.'"). A private person and condo association is not a state action for the purposes of § 1983. Therefore, the Court will read Booker's claims as state breach of contract, fraud, and extortion claims.

Even reading Booker's claims as state law claims, Booker's pro se complaint fails to establish this Court's subject-matter jurisdiction. Breach of contract, fraud, and extortion are state

law claims. Therefore, as there are no federal claims, the Court can only have subject-matter jurisdiction under diversity jurisdiction. Under 28 U.S.C. § 1332, the diversity-of-citizenship statute, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of difference States." There must be "complete diversity between the plaintiffs and defendants, i.e., 'diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.'" *Medlen v. Estate of Meyers*, 273 F. App'x 464, 469 (6th Cir. 2008) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)). Booker, Quick, and College Court are all citizens of Kentucky. [DE 1 at 2]. Because the parties are all citizens of Kentucky, the Court need not address whether the amount in controversy threshold is met; however, the amount in controversy is not sufficiently alleged for jurisdictional purposes. Thus, the Court lacks subject matter jurisdiction.

## CONCLUSION

For the reason above, the Court will dismiss this action without prejudice under Rule 12(h)(3) for lack of subject-matter jurisdiction. A separate judgment will be entered accordingly.

April 29, 2025

Rebecca Grady Jennings, District Judge
United States District Court